# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KEVIN GROSS,

    Plaintiff,

v.

SNAP FINANCE, LLC.

    Defendant.

C.A. No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

KEVIN GROSS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SNAP FINANCE, LLC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Maryland, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Baltimore, Maryland 21239.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at PO Box 26561, Salt Lake City, Utah 84126.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone number.

12. Beginning in January or February 2016 and continuing thereafter, Defendant placed repeated telephone calls multiple times per day to Plaintiff's cellular telephone.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

PLAINTIFF'S COMPLAINT

14. Plaintiff knew that Defendant was using an automated telephone dialing system because he received automated voice messages that included a pre-recorded voice.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling Plaintiff to collect on a remaining account balance.

16. Plaintiff was aware that Defendant was calling him because he had spoken to male and female callers who stated their company name during the calls.

17. Desiring to stop the repeated telephone calls, on more than one occasion between May and August 2016, Plaintiff spoke with Defendant's representatives to advise them he no longer wanted to be contacted on his cellular telephone and to stop calling.

18. Plaintiff also told Defendant about his financial constraints and explained that he could not make any payments.

19. This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact him.

20. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful to making further calls, nor was there any good faith reason to place calls.

21. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

22. Rather, Defendant continued to call Plaintiff on his cellular telephone multiple times per day.

23. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone and as such Plaintiff took measures to block Defendant's calls.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. After Plaintiff revoked consent, Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN GROSS, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

   e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEVIN GROSS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Amy Lynn Bennecoff
Amy Lynn Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

Dated:  August 5, 2016

PLAINTIFF'S COMPLAINT